*E-FILED: February 29, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCARTIELLE S.p.A.,<br><br>  Plaintiff,<br><br>  v.<br><br>CLABO NORTH AMERICA, LLC and OSCARTIELLE EQUIPMENT COMPANY, INC.,<br><br>  Defendants. | No. C11-06176 HRL<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS; (2) DENYING AS MOOT JOINT MOTION FOR TELEPHONIC APPEARANCE; AND (3) CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>[Re: Docket Nos. 10, 19] |

This trademark action arises out of the parties' competing claims to the mark OSCARTIELLE. Defendants Clabo North America, LLC (Clabo) and Oscartielle Equipment Company (OEC) move to stay[1] the instant action in favor of an administrative proceeding filed with the United States Patent & Trademark Office Trademark Trials and Appeals Board (TTAB). Plaintiff Oscartielle S.p.A. opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). The noticed motion hearing is vacated, and the parties' joint request for telephonic appearance is denied as moot. Upon consideration of the moving and responding papers, this court denies the motion.

---

[1] Defendants' motion originally sought to dismiss this action, with a stay being requested only in the alternative. However, defendants have since withdrawn their request for dismissal.

1    Plaintiff is an Italian corporation that says it has a United States registered trademark for
2  OSCARTIELLE. According to plaintiff, it has used that mark since at least 1961 in connection
3  with the advertising and sale of refrigerated display cases and related products. Plaintiff says
4  that it began exporting its branded refrigerated display cases to the United States in 1983 and
5  has been using the mark continuously in California and interstate commerce in connection with
6  the advertising and sale of its goods.

7    Defendant OEC is alleged to be a California company that was plaintiff's United States
8  distributor from 1983 through 2004. Defendant Clabo is said to be related to OEC, either as
9  OEC's successor-in-interest, or in some other capacity. In plaintiff's view, OEC was only
10 authorized to sell plaintiff's branded products in the United States and did not obtain any rights
11 in the OSCARTIELLE mark. Defendants evidently contend otherwise because they applied for,
12 and obtained, a U.S. registered trademark for OSCARTIELLE.

13   In March 2008, plaintiff filed a petition with the TTAB for cancellation of defendants'
14 registration, claiming that defendants obtained it by fraud. In response, defendants filed a
15 counterclaim seeking cancellation of plaintiff's registration for the same class of goods.
16 According to defendants, plaintiff has neither sold such goods in the United States nor
17 manufactured any goods under that name that can be legally sold in this country.

18   This court is told that, in the nearly four years since it was filed, the TTAB matter
19 suffered some delays for which each side blames the other. Nevertheless, there is no dispute
20 that the TTAB matter proceeded to its trial phase, which apparently is conducted entirely by
21 paper filings made over the course of two stages: (1) a testimony period and (2) a trial briefing
22 period. See 37 C.F.R. §§ 2.121, 2.128. The TTAB trial proceedings reportedly were suspended
23 sometime in mid-2011 while plaintiff proceeded to obtain testimony from its witnesses through
24 depositions by written questions. According to defendants, plaintiff's witnesses have yet to
25 respond to plaintiff's own deposition questions.

2

Then, on December 8, 2011, plaintiff filed the instant action, asserting eight claims for injunctive and declaratory relief under federal and state law.[2] In sum, six of plaintiff's claims concern defendants' alleged infringement and counterfeiting of the OSCARTIELLE mark; the seventh claim seeks cancellation of defendants' registration for the same mark; and the eighth claim seeks a declaration that plaintiff is the rightful owner of the mark.

Shortly after it filed this suit, plaintiff moved the TTAB for a stay of the administrative action. This court is informed that the TTAB has just granted that motion and stayed its own proceedings pending resolution of the instant lawsuit.

Defendants take issue with the timing of plaintiff's decision to pursue this civil lawsuit. Indeed, plaintiff is the one who chose to institute cancellation proceedings before the TTAB; and, plaintiff has only now, years later, decided to pursue an infringement action here. Nevertheless, the Ninth Circuit has held that the primary jurisdiction doctrine does not justify deferral to TTAB administrative proceedings. Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1162-65 (9th Cir. 2007). Moreover, "the [TTAB] cannot give relief for an infringement claim, either injunctive or by way of damages." Id. at 1163 (citation omitted). And, given the TTAB's decision to stay its own proceedings in favor of the instant action, the court concludes that the best course is to deny defendants' motion for a stay. Presumably, information obtained in discovery in the TTAB proceeding would also be useful here, and the parties' efforts in the TTAB matter will not have been entirely in vain. And, in any event, when there is an infringement claim that may require the district court to resolve much or all of the same

---

[2] The eight claims are as follows: (1) Trademark Counterfeiting, 15 U.S.C. § 1114; (2) Trademark Infringement, 15 U.S.C. § 1114; (3) False Designation of Origin and Unfair Competition, 15 U.S.C. §§ 1114, 1117, 1125(a); (4) Common Law Trademark Infringement; (5) Common Law Unfair Competition; (6) Unfair Competition, Cal. Bus. & Prof. Code § 17200; (7) Cancellation of defendants' trademark registration, 15 U.S.C. § 1119; and (8) Declaration that plaintiff is the rightful owner of the OSCARTIELLE mark, 28 U.S.C. § 2201(a).

3

1  trademark registration issues pending before the TTAB, it may save time to resolve all of those

2  issues in the district court. Id. at 1165.[3] Accordingly, defendants' motion to stay is denied.

3      The initial case management conference set for March 6, 2012 is continued to April 24,

4  2012, 1:30 p.m. All related deadlines are adjusted accordingly.

5      SO ORDERED.

6  Dated: February 29, 2012

7                             HOWARD R. LLOYD
8                             UNITED STATES MAGISTRATE JUDGE

---

[3] Citing the Ninth Circuit's decision in Rhoades, defendants contend that, in order to successfully oppose a stay, plaintiff is required to submit evidence of infringement and any quantifiable harm the company will suffer as a result. This court sees no such requirement in Rhoades. The parties in Rhoades apparently submitted declarations and other evidence to the district court in connection with the defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss, which raised the issue whether plaintiff had a reasonable apprehension of being sued for trademark infringement. That is not an issue here. And, as noted above, Clabo and OEC do not seek dismissal of this action.

4

**United States District Court**
For the Northern District of California

1   5:11-cv-06176-HRL Notice has been electronically mailed to:

2   Jerrold Evan Abeles    abeles.jerry@arentfox.com, labarreda.vivian@arentfox.com

3   Maria Cristina Armenta    cris@crisarmenta.com

4   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5